# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 22, 2010

Lyle W. Cayce
Clerk

No. 10-10025
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

SAUL RONQUILLO,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:09-CR-44-1

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Saul Ronquillo was convicted by a jury of being a felon in possession of a firearm. He was sentenced to 120 months of imprisonment and to a three-year term of supervised release. Ronquillo contends that the district court abused its discretion in allowing prior-crime evidence under Fed. R. Evid. 404(b) because the evidence was seized as the result of an illegal search and seizure, as evidenced by the state prosecutor's nolle prosequi order. The Government contends that the district court did not abuse its discretion in admitting the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence because testimony at trial demonstrated that no Fourth Amendment violation occurred in the seizing of the evidence. The Government has also filed a motion to supplement the record on appeal.

This court reviews a district court's admission of 404(b) evidence under a heightened abuse of discretion standard, subject to harmless error analysis. *United States v. Morgan*, 505 F.3d 332, 339 (5th Cir. 2007). The 404(b) evidence Ronquillo challenges is evidence seized as a result of his vehicle being impounded and searched on August 29, 2008, in Hobbs, New Mexico. Testimony from the arresting officer revealed that, per department policy, Ronquillo's vehicle was impounded due to plates expired more than 31 days. Also, per department policy, an inventory search was conducted and resulted in a Crown Royal bag containing a stolen firearm being discovered, evidence very similar to that discovered in the instant case. In light of the unchallenged testimony of the arresting officer presented to the district court, the inventory search did not violate the Fourth Amendment. *See United States v. Lage*, 183 F.3d 374, 381 (5th Cir. 1999). The nolle prosequi order from the state prosecutor does not rebut the officer's testimony because the order does not indicate whether there was a constitutional violation. *See United States v. Eastland*, 989 F.2d 760, 765-66 (5th Cir. 1993). Accordingly, the district court did not abuse its discretion in admitting the 404(b) evidence.

Ronquillo further argues that the district court erred in denying his motion to dismiss the indictment because it failed to allege that the firearm had a substantial effect on interstate commerce; failed to allege that he knew he was a convicted felon; and failed to allege that he knew the gun had traveled in interstate commerce. Ronquillo acknowledges that his arguments are foreclosed by this court's precedent but raises the arguments to preserve them for further review. The arguments are rejected, as Ronquillo expected,

The judgment of the district court is AFFIRMED. The Government's motion to supplement the record on appeal is DENIED.